JANE A. EBBETS, RESPONDENT, v. JOHN MARTINE AND OTHERS, AS EXECUTORS OF THEODORE MARTINE, DECEASED, APPELLANTS, IMPLEADED WITH THOMAS REILLY, AND OTHERS.

*Application for leave to file a supplemental summons and complaint — notice of, need not be given to the party sought to be brought in.*

Where, after a decree in foreclosure, and a sale thereunder, plaintiff, on discovering that a person liable to pay the mortgage debt has not been made a defendant, applies at Special Term for leave to bring him in and to file a supplemental summons and complaint, notice of such application need not be given to him.

APPEAL from an order made at Special Term, denying a motion to vacate an order allowing the plaintiff to revive the action and bring in additional parties defendant by supplemental complaint.

The action was brought to foreclose a mortgage on a lot in Brooklyn, made by Thomas Reilly, to secure the payment of the purchase-money to Theodore Martine, who assigned the mortgage to the plaintiff, and in the assignment guaranteed the payment of the same.

The action was commenced in 1866, a judgment entered on October 2, 1866, and a sale made to Martine, who failing to pay the purchase-money, it was resold to the plaintiff, on January 16, 1867, the terms of sale allowing payment from the purchase-money of all taxes and assessments.

On further search, it was found that in 1857 the property had been conveyed to Matilda Martine, the wife of Theodore Martine, and that in such conveyance she had covenanted to pay the said mortgage. Before the amount of taxes had been determined, November 24, 1870, Mrs. Martine died. Mr. Martine died on March 22, 1877.

After this, on the petition of the plaintiff, the judgment and sale of the premises were vacated, and then, on February 3, 1879, on motion of the plaintiff, an order was made, reviving the action and allowing a supplemental complaint to bring in all the

executors of Matilda and Theodore Martine and others as parties defendant.

This order was made, on notice to those defendants only who had appeared in the original action, and a supplemental summons was issued and served on the new parties.

*Charles A. Jackson,* for the executors, appellant.

*H. Brewster,* for the respondent.

BARNARD, P. J. :

After a decree in foreclosure, and after a sale thereunder, the property being of little or no value, it was discovered that, by a mistake in the search, a person liable to pay the mortgage debt had been left out as defendant. The plaintiff applied, at Special Term, upon notice to all the parties who had appeared in the action, for leave to file a supplemental complaint. At the time of this application, Theodore Martine, one of the defendants in the action, had died. He had not appeared in the action. No notice was given to his executor. The order for leave to file the supplemental complaint was granted, and a supplemental summons and complaint was directed to bring them in. A supplemental summons and complaint was directed to issue to the executors of the deceased, Theodore Martine. These executors, after they were served with the summons, and after they had appeared generally in the supplemental action, made a motion to vacate the order directing a supplemental summons to issue to bring them in, on the ground that they had no notice of the application. This motion was denied, and the executors of Theodore Martine appealed. It was not the practice of the Court of Chancery to require notice to be given of an application for leave to file a supplemental bill. (*Eager* v. *Price,* 2 Paige, 335 ; *Lawrence* v. *Bolton,* 3 id., 295.) Such notice does not seem to be required by the Code in cases where a defendant is brought in, not upon his own application. Section 453 of the Code of Civil Procedure provides, that when the court directs a new defendant thus to be brought in " a supplemental summons " must be issued to him. He is made a defendant, and an opportunity must be given him to answer. The new defendant, or

any party, may demur if so advised or answer. (*Fleischman* v. *Bennett* [unreported; decided last term of this court].) Notice is held not to be necessary under the Code. (2 Wait's Practice, 470; *Fisk* v. *Albany and Susquehanna R. R. Co.*, 8 Abbott [N. S.], 310.) Such orders are granted by the court whenever it is decided upon the trial that it is necessary to bring in another party than those to the record, to have a complete determination of the issues presented. In such cases there is no notice given of the application for the order to the defendants to be brought in. They have the same rights as other defendants after they are brought in.

The order must be affirmed, with costs.

DYKMAN, J., concurred.; PRATT, J., not sitting.

Order affirmed, with costs and disbursements.